**UNITED STATES of America,**
**Appellee,**

v.

**Ayodeji ODUNAIKE, Defendant–**
**Appellant.**

**No. 06–2727–cr.**

United States Court of Appeals,
Second Circuit.

April 11, 2008.

Donna R. Newman, New York, NY, for Appellant.

Seetha Ramanhandran, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, Harry A. Chernoff, Jesse M. Furman, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Ayodeji Odunaike ("defendant" or "Odunaike") appeals a judgment of conviction entered on June 2, 2006 following a three-day jury trial, on one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) ("Count One"); one count of trafficking in at least one unauthorized access device and obtaining things of value of $1000 or more within a one-year period, in violation of 18 U.S.C. § 1029(a)(2) ("Count Two"); one count of possessing fifteen unauthorized and counterfeit access devices with the intent to defraud in violation of 18 U.S.C. § 1029(a)(3) ("Count Three"); and one count of conspiring to commit bank fraud in violation of 18 U.S.C. § 1349 ("Count Five"). He was acquitted of one count of effecting transactions with one or more unauthorized devices to receive things of value of $1000 or more within a one-year period, in violation of 18 U.S.C. § 1029(a)(5). He was sentenced principally to 87 months' imprisonment on all counts to be served concurrently. The Government concedes that the sentence for Count One exceeds the statutory maximum of 60 months' imprisonment and should be corrected. On appeal, defendant argues that the District Court erred in not granting his motion to dismiss the case

pursuant to Federal Rule Criminal Procedure 29 for improper venue, providing the jury flawed instructions on venue, and imposing an allegedly unreasonable sentence. The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

The proper forum for a criminal prosecution is the district in which the crime was committed. U.S. Const. art. III, § 2; *id.* amend VI; Fed.R.Crim.P. 18. The commission of a crime may involve more than one location, and therefore venue may lie in more than one district. *United States v. Reed,* 773 F.2d 477, 480 (2d Cir. 1985). In a "continuing offense," "where the acts constituting the crime and the nature of the crime charged implicate more than one location, venue is properly laid in any of the districts where an essential element of the crime took place." *United States v. Ramirez,* 420 F.3d 134, 139 (2d Cir.2005) (internal quotation marks and citations omitted). For a conspiracy charge, venue is proper "in any district in which the conspiracy was formed or in any district in which a conspirator committed an overt act in furtherance of the criminal scheme." *United States v. Rommy,* 506 F.3d 108, 119 (2d Cir.2007). Venue is established by a preponderance of the evidence. *Id.* We view "the sufficiency of the evidence as to venue in the light most favorable to the [G]overnment, crediting every inference that could have been drawn in its favor." *United States v. Geibel,* 369 F.3d 682, 696 (2d Cir.2004) (internal quotation marks omitted).

Defendant, a resident of Staten Island, argues that the Southern District of New York was an improper venue. His argument fails. The Government established, to the satisfaction of the jury, that venue was proper under at least one of three theories: (1) Odunaike or his agent made fraudulent purchases at Macy's in Manhattan; (2) Odunaike repeatedly traveled over the waters of the Southern District of New York for the purpose of obtaining stolen credit card information from a co-conspirator in Maryland; and (3) Odunaike's wife and unindicted co-conspirator traveled through the Southern District while committing crimes in Brooklyn, New Jersey, and Pennsylvania.

Defendant contends that the Court erred in not instructing the jury that venue had to be "in a district where the defendant intentionally or knowingly causes an act in furtherance of the charged offense." That phrase, taken from *United States v. Svoboda,* 347 F.3d 471, 483 (2d Cir.2003), refers to actions taken by third parties who are not part of the conspiracy, but whose actions furthered the aims of the conspiracy. Here, venue was established by defendant's actions and those of his co-conspirators, and therefore the appropriate standard is—as stated by the Court—whether "it is more likely than not that the crime charged, or any act in furtherance of the crime" occurred in the district.

The Government concedes that the sentence of 87 months' imprisonment imposed for Count One exceeds the statutory maximum of 60 months. Accordingly, we modify the judgment to reduce Odunaike's sentence imposed for Count One to 60 months' imprisonment, consistent with the statutory maximum set forth in 18 U.S.C. § 1029(b)(2). We conclude that the sentence for the remaining counts is reasonable and that the District Court properly considered the factors set forth in 18 U.S.C. § 3553(a).

We have considered all defendant's remaining arguments and find them to be without merit.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED as modified.